RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0625-MR

JENEVE SCHEPER; CHRIS
MEINHART, PUBLIC
ADMINISTRATOR OF THE ESTATE
OF GENEVA MCEWEN; STEPHEN
MCEWEN; AND WILLIAM
STOGNER                                                             APPELLANTS


                          APPEAL FROM JEFFERSON CIRCUIT COURT
v.                        HONORABLE BRIAN C. EDWARDS, JUDGE
                          ACTION NOS. 17-CI-003948 & 18-CI-005742


WHITNEY WILSON AND SCOTT
MCEWEN                                                               APPELLEES


                                OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

GOODWINE, JUDGE: Appellants Jeneve Scheper; Chris Meinhart, Public

Administrator of the Estate of Geneva McEwen; Stephen McEwen; and William

Stogner (collectively "the beneficiaries") filed a legal malpractice suit against

attorney Whitney Wilson ("Wilson") who represented Scott McEwen ("executor")

in his capacity as executor of the trust. The Jefferson Circuit Court granted

summary judgment. Based on our review, finding no error, we affirm.

The trial court summarized the facts and procedural history of the case

as follows:

> This case arises out of a Complaint filed by the
> beneficiaries of the Estate of Geneva McEwen, who died
> in May 2014. On July 29, 2014, Scott McEwen was
> appointed Executor of the Estate; Wilson represented
> Scott McEwen in his capacity as Executor. Wilson met
> with the Executor and filed an Initial Inventory of Estate
> on September 30, 2014. In May of 2017, the Executor
> informed Wilson that the value of the Estate had dropped
> since 2014. Wilson wrote a letter to the beneficiaries on
> May 23, 2017, informing them that she did not represent
> them, and that the Estate was now worth $88,137.69.
> The beneficiaries then filed an action in August 2017
> against the Executor, alleging breach of fiduciary,
> conversion, and fraud. Wilson then withdrew as attorney
> to the Executor. Plaintiffs then filed a Complaint against
> Wilson on October 4, 2018, asserting a legal malpractice
> claim. Specifically, Plaintiffs assert that Wilson
> breached her fiduciary duties to the beneficiaries of the
> Estate while acting as the Executor's attorney.

Record ("R.") at 833.

On September 19, 2019, Wilson filed a motion for summary

judgment. The beneficiaries did not immediately respond to the motion. They first

moved to file an amended complaint, which the trial court granted. The

-2-

beneficiaries also took Wilson's deposition before filing their response in opposition of Wilson's motion for summary judgment.

The trial court took the matter under submission, and on May 27, 2021, the court entered an order granting summary judgment in favor of Wilson. The trial court found, "since the [beneficiaries] are neither Wilson's clients nor third-party beneficiaries, the legal malpractice suit cannot stand." R. at 835. Even if the beneficiaries had a cognizable legal malpractice claim against Wilson, the one-year statute of limitations under KRS[1] 413.245 had expired. Wilson informed the beneficiaries the value of the estate had dropped on May 23, 2017, and they waited until October 4, 2018 to file their complaint. Thus, the action was time barred. Additionally, the trial court noted the beneficiaries' argument that "this was a contractual matter and therefore should have a 15-year statute of limitations per KRS 413 090(2)." R. at 836. However, because the breach of contract action stemmed from Wilson's lack of performance of legal services, the trial court concluded the one-year statute of limitations applied. The trial court granted summary judgment, and this appeal followed.

On appeal, the beneficiaries argue: (1) the statute of limitations had not expired based on the date of discovery of the malpractice; (2) they were

---

[1] Kentucky Revised Statutes.

intended third-party beneficiaries of Wilson's representation of the executor; and (3) Wilson breached her fiduciary duty to fund the trust.

First, the beneficiaries argue they timely filed their complaint against Wilson. They claim the earliest they knew of Wilson's alleged malpractice was October 3, 2017 when the executor's new attorney filed a proposed settlement in the Jefferson District Court. They filed their initial complaint against Wilson on October 2, 2018, which was within the one-year limitation period under KRS 413.245. The beneficiaries argue the May 23, 2017 letter did not reveal that they had been damaged by the executor or Wilson, and they were entitled to rely on its accuracy. They further argue Wilson's negligence was not discoverable until she was ordered to respond to written discovery and appear for her deposition on September 21, 2020.

KRS 413.245 establishes the statute of limitations for claims arising out of professional services, including legal malpractice:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

The beneficiaries argue the statute of limitations had not expired before the filing of their complaint based on the date of discovery of their injury. In *Abel v. Austin*, 411 S.W.3d 728 (Ky. 2013), the Supreme Court of Kentucky opined, "Appellees need not show the precise date upon which Appellants reasonably should have discovered their cause of action. Appellees need to demonstrate only that the discovery was made, or should have been made, more than one year before the action was commenced." *Id.* at 739. There, the appellants' attorney received documents from opposing counsel on October 13, 2006 indicating each appellant received less than their proper share of the settlement. *Id.* at 734. Appellants did not file their suit until October 31, 2007, which was more than one year after the date appellants' attorney received the settlement documents. *Id.* at 739. Our Supreme Court affirmed the trial court holding:

> They may not have understood why they were shorted or where the money went, but as of that date, they knew or should have known that they had a cause of action, and they then had one full year to investigate further, to resolve their doubts, to satisfy themselves that there was no innocent explanation for the shortfall, or to undertake whatever preparatory measures they felt were necessary before filing suit. The action was not commenced within one year of that date and, therefore, it was barred, as the trial court correctly determined.

*Id.* at 739.

Here, the beneficiaries received a letter from Wilson dated May 23, 2017 indicating the value of the estate and that she did not represent them. In their response to Wilson's motion for summary judgment, the beneficiaries argued:

> [O]ne of the beneficiaries through counsel sent two letters to Wilson requesting an explanation as to why the Estate assets had "shrunk" by more than $340,000. However, Wilson failed to respond to these inquiries and withdrew as attorney for [the Executor]. These letters show that the beneficiaries clearly had no idea why their inheritance had shrunk, attempted to ascertain from Wilson why their inheritance had "shrunk," and received no response from her. Consequently, the beneficiaries were clearly not on notice that she had committed malpractice simply due to the fact that she sent the Letter to the Beneficiaries.

R. at 654.

Contrary to the beneficiaries' argument below, under *Abel*, although they did not know why the estimated value of the estate had decreased, they knew or should have known they had a cause of action. At least one of the beneficiaries began to investigate the decrease in value in sending inquiry letters to Wilson. The beneficiaries had one year from May 23, 2017 to investigate the situation further. However, they waited until October 4, 2018 to file their complaint. As such, the trial court correctly concluded the action was time barred.

Because the beneficiaries' complaint was not timely filed, we need not address their remaining arguments. For the foregoing reasons, we affirm the judgment of the Jefferson Circuit Court.

-6-

ALL CONCUR.


BRIEFS FOR APPELLANTS:

Douglas E. Miller
Radcliff, Kentucky

BRIEF FOR APPELLEE
WHITNEY WILSON:

R. Kent Westberry
Kristin Logan Mischel
Louisville, Kentucky